(Reap. Dec. 8269)

MEDANA WATCH CO. ET AL. v. UNITED STATES

Entry No. 760157, etc.

(Decided December 18, 1953)

*Lane, Young & Fox* for the plaintiffs.
*Warren E. Burger,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "A," attached to and made a part of this decision, cover various importations of pocket watches and wrist watches which were appraised as entireties on the basis of foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)), as amended by the Customs Administrative Act of 1938.

It is plaintiffs' claim that the watchcases, watch movements, and leather straps, comprising the entireties, should have been separately appraised on the basis of cost of production, as defined in section 402 (f) of said act (19 U. S. C. § 1402 (f)).

By written stipulation of the parties hereto, the following facts have been agreed upon:

(1) That there is no foreign or export value or United States value as those terms are defined in section 402 (c), (d), and (e) of the Tariff Act of 1930, as amended, *supra*, for the cases and movements, comprising the pocket watches, and for the cases, movements, and leather straps, comprising the wrist watches, or for similar cases, movements, or leather straps.

(2) That pursuant to the principles stated in *United States* v. *Malhame & Co. et al.*, 39 C. C. P. A. (Customs) 108, C. A. D. 472, the cases and movements, comprising the pocket watches, and the cases, movements, and leather straps, comprising the wrist watches, are separately subject to duty and separately subject to appraisement.

(3) That the invoiced unit prices of the said cases, movements, and straps, plus 15 percent, less 5 percent discount, plus packing, as invoiced, are equal to the cost of production as defined in section 402 (f), *supra*.

Upon the agreed facts, I find that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the watchcases, watch movements, and leather straps here involved, and that such value is the invoiced unit prices of said cases, movements, and straps, plus 15 percent, less 5 percent discount, plus packing as invoiced.

Judgment will be entered accordingly.